## E. I. DuPont de Nemours Powder Company v. Louisville & Nashville Railroad Co. and Edington-Griffitts Construction Company.

(Decided May 7, 1913.)

### Appeal from Laurel Circuit Court.

Contracts—Furnishing Material to Subcontractor—Lien.—One who furnishes material to a subcontractor who made his contract with a subcontractor under the original contractor has a lien under Section 2492 Ky. Stats.

TYE & SILER for appellant.

GEO. G. BROCK and J. W. ALCORN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The Louisville & Nashville Railroad Company made a contract with the Edington-Griffitts Construction Company for the construction of a part of its line of railway. That company sub-contracted a part of the work to the Ryan-Battin Construction Company, who, in turn, sub-contracted a part of the work to the W. F. Garretson Company, who bought of the E. I. duPont de Nemours Powder Company a lot of material and supplies for the work amounting to $2,988.30. The powder company not having been paid for the material furnished for the work, duly filed its claim for a lien in the county clerk's office, and brought this suit against the railroad company to enforce its lien. The railroad company demurred to the petition, the court sustained the demurrer and dismissed the petition. The plaintiff appeals.

The ground upon which the demurrer was sustained is that the circuit court was of opinion that under section 2492, Ky. Stats., the material man who furnishes material to a sub-contractor whose contract was made with a sub-contractor who had contracted with the original contractor has no lien under the statute. In other words, the judgment is based upon the ground that the statute only protects material men who furnish material to a contractor or his sub-contractor. There are authorities in other States sustaining this conclusion, but in the case of Grigsby v. L. & E. R. R. Co., 152 Ky., 164, decided since this case was heard in the circuit court, we held otherwise under our statute and that opinion is conclusive here. We there held that any one furnishing material or supplies to a sub-contractor in such work is entitled under 2492 Ky. Stat., to a lien, and it is immaterial whether such sub-contractor took his contract from the original contractor or a sub-contractor under him.

Judgment reversed and cause remanded with directions to the circuit court to overrule the demurrer to the petition, and for further proceedings consistent herewith.